UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY ANN GORRELL,<br><br>              Plaintiff,<br><br>       v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>              Defendant. | Case No. C17-6033 JCC<br><br>ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting her testimony, lay witness testimony, and medical opinions. Dkt. 14. As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

I.     BACKGROUND

Plaintiff is currently 29 years old, has a high school education, and worked in retail. AR 28-29. On December 21, 2014, plaintiff applied for benefits, alleging disability as of September 1, 2014. AR 74. Plaintiff's application was denied initially and on reconsideration. AR 73, 82. After the ALJ conducted a hearing on June 8, 2016, the ALJ issued a decision finding plaintiff not disabled. AR 35, 20-30.

## II. THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since from her alleged onset date of September 1, 2014, through her date last insured of March 31, 2015, although she worked part time between September and December 2014.

Step two: Plaintiff has the following severe impairments: degenerative disc disease, Tarlov cyst, and chronic pain syndrome.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Through the date last insured, plaintiff could perform sedentary work. She could not climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, kneel, crawl, climb ramps and stairs, and operate foot controls.

Step four: Plaintiff has no past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff is not disabled.

AR 22-30. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.[3]

## III. DISCUSSION

This Court may set aside the Commissioner's denial of social security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

*Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

### A. Plaintiff's Symptom Testimony

Plaintiff testified that she had severe back pain. AR 51. Standing made her legs and feet numb, and sitting put enormous pressure on her lower back. AR 52. She lay down most of the time. AR 61-63. She put ice or heat on her back three or four times per day for an hour each time. AR 63. Her pain medication made her drowsy and she slept one or two hours during the day. *Id*. She testified that she had manic and depressive phases, and that because of depression she does not "have the energy to want to do anything." AR 60.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons. *Trevizo*, 871 F.3d at 678. The ALJ discounted plaintiff's testimony based on inconsistency with prior statements, the medical evidence, and her activities. AR 26-28.

#### 1. Inconsistent Statements

Inconsistent statements can be a valid reason to discount a claimant's testimony. *Orn v.*

*Astrue*, 495 F.3d 625, 636 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). In addition, impairments that can be effectively controlled by medication or treatment are not considered disabling for purposes of social security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff testified that she has severe back pain and must lie down most of the time. AR 51, 61-63. Yet treatment notes from the relevant period from plaintiff's alleged onset date of September 1, 2014, to her date last insured of March 31, 2015, indicate that medication significantly decreased plaintiff's pain. *See*, *e.g.*, AR 345, 350, 354, 363. In treatment notes from three visits between September and November 2014, plaintiff reported average pain levels of only three out of ten. AR 363, 354, 350. In two of these visits, plaintiff reported that pain was interfering with daily activities at a level of only three or four out of ten. AR 354, 350; *see* AR 363 (interference level not noted). The highest level reported was in one visit in January 2015, with an average pain level of five out of ten and interference with daily activities as seven out of ten. AR 345. Plaintiff points out that she repeatedly reported that her worst pain was at a level of eight to ten.[4] Dkt. 14 at 4 (citing AR 453, 350, 387, 392). But average pain level is a better comparison to plaintiff's hearing testimony describing her typical condition. There is no evidence that the worst pain level was frequent or lasted very long. Substantial evidence supports the ALJ's findings that plaintiff's prior statements were inconsistent with her testimony and that her pain was effectively controlled.

The Court concludes the plaintiff's inconsistent statements constituted a clear and

---

[4] In two of the treatment notes, it is unclear if average or worst pain is being reported. *See* AR 387, 392. However, it was reasonable for the ALJ to infer that it was not the average pain level. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

convincing reason to discount her testimony.

### 2. Medical Evidence

"While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)). Here, the ALJ noted "essentially unremarkable physical examinations" throughout the relevant time period. AR 26.

Within the relevant period, physical examinations revealed largely normal musculoskeletal findings, including no back tenderness. AR 323, 339, 389-90, 384-85, 395-96. Plaintiff argues that the Court should give greater weight to the findings in examinations specifically related to her back pain. Dkt. 16 at 2. But the Court must examine the record as a whole and cannot substitute its judgment for the ALJ's by reweighing the evidence. *See Thomas*, 278 F.3d at 954. Moreover, even in the examinations plaintiff cites as specifically related to back pain, there was no back tenderness to palpation. AR 384-85, 389-90, 395-96.

The Court concludes that the absence of abnormal clinical findings further supports the ALJ's discounting of plaintiff's testimony.

### 3. Plaintiff's Activities

An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn*, 495 F.3d at 639. The ALJ discounted plaintiff's testimony because she worked after the alleged onset of disability and because her other activities contradicted her testimony. AR 28. Plaintiff worked four to six hours a day, five days a week, for approximately three months after her alleged onset date of September 1, 2014. AR 28, 179-80. Plaintiff wrote in a December 2014 email to her

provider that she stood for many hours a day. AR 424 ("look at my MRI results and tell me a person with this who stands for 10 hours isn't in pain"). Working four to six hours a day at a job that requires extensive standing suggests that plaintiff is able to work a less strenuous job full time. The ALJ did not err by discounting plaintiff's testimony based on her activities.

Other activities the ALJ cited did not, however, support discounting plaintiff's testimony. Plaintiff drove across the country in January 2014, but that was before her alleged onset date. AR 507. In November 2014, plaintiff reported quitting her job and starting a pet sitting business, but she testified at the June 2016 that she got little to no business. AR 354, 49-50. In a March 2015 report, plaintiff said she spent about an hour once a week preparing food, did dishes for about 30 minutes a few times a week, and grocery shopped for about two hours once or twice a month, but these activities do not contradict her testimony or show transferable work skills. AR 189-90. The error is harmless, however, because plaintiff's work activity was a clear and convincing reason to discount her testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (erroneous reasons were harmless when remaining valid reasons were not "relatively minor").

The Court concludes the ALJ gave several clear and convincing reasons and thus did not err by discounting plaintiff's testimony.

**B.     Lay Witness Statement**

Plaintiff's husband submitted a statement that plaintiff was unable to work because of pain from sitting or standing too long. AR 244. He stated that she could only rarely take long car trips and must take extra pain medication to do so. *Id*. Plaintiff could no longer take care of their house and large dogs, grocery shop, and cook. *Id*. He stated that she was "depressed throughout the day" and had anxiety attacks. *Id*.

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Here, the ALJ gave plaintiff's husband's statements only "some weight" because the severity alleged was not entirely supported by the medical record. AR 29. As discussed above, the ALJ's finding of a lack of abnormal medical results was supported by substantial evidence. Plaintiff's husband's statements contain allegations similar to plaintiff's. The same lack of abnormal medical results constitutes a germane reason to discount his statements. *See Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (if an ALJ gave clear and convincing reasons for rejecting the claimant's testimony, those reasons are germane to similar testimony by a lay witness). Plaintiff argues that the lay testimony "agrees with the record" but cites only her own self-reports of her impairments. Dkt. 14 at 8 (citing AR 424, 604, 616-18, 628, 663). The ALJ permissibly discounted plaintiff's self-reports.

The Court concludes the ALJ did not err by discounting plaintiff's husband's lay witness statement.

**C.     Medical Opinions**

A treating physician's opinions are entitled to greater weight than the opinions of an examining or nonexamining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating doctor by giving "clear and convincing" reasons. *Revels*, 874 F.3d at 654. Even if a treating doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing "specific and legitimate" reasons. *Id.*

Plaintiff's providers stated in treatment notes that she had work limitations and that "[t]he following tasks at work may aggravate the patient's pain: lifting, sitting, and standing." AR 351,

364, 393. To the extent these can be considered "opinions," the ALJ gave them only "partial weight" and noted that they had "minimal probative value" because they did not "specifically describe the claimant's level of functioning." AR 28-29. Plaintiff argues that the ALJ formulated an RFC "with no limitations to walking, sitting, and lifting." Dkt. 14 at 10. But, as the Commissioner notes, the limitation to sedentary work limits standing to occasional and lifting to 10 pounds maximum and light articles occasionally. *See* 20 C.F.R. § 404.1567(a). And the vocational expert's testimony established that all the jobs the ALJ relied on in the disability determination would allow a worker to sit or stand at will, thereby reducing sitting by whatever length of time she is able to stand. AR 68, 30.

An ALJ need only include in the RFC limitations that are supported by substantial evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). Plaintiff fails to explain how her providers' vague statements provide evidence for any specific functional limitations that were not included in her RFC. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reasons for rejecting opinions that do not specify work-related functional limitations).

The Court concludes the ALJ did not err by discounting plaintiff's providers' opined work limitations.

### D.   **Residual Functional Capacity**

Plaintiff challenges the ALJ's RFC determination. Dkt. 14 at 10. She argues that the ALJ erred in evaluating her mental health symptoms because the activities he cited did not show she was "not suffering from depression." *Id.* at 7. This mischaracterizes the ALJ's reasoning. In fact, the ALJ found that plaintiff's depression was a medically determinable impairment, but that it "did not cause more than minimal limitation" in her ability to work. AR 23. Plaintiff cites

her self-reported fatigue, reduced concentration, loss of interest in hobbies, prior suicide attempts, and bipolar symptoms. Dkt. 14 at 7 (citing AR 616-18, 663). But the ALJ permissibly discounted plaintiff's self-reports. Moreover, none of the citations provide evidence of any effect on her ability to work. The record does not show that plaintiff's depression limited her ability to work. The Court concludes the ALJ did not err in formulating the RFC in light of plaintiff's alleged depression.

IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 16th day of October, 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 9